IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTOS MARTINEZ BARRERA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN, et al. | : | NO. 26-5227 |

ORDER

AND NOW, this 5th day of August 2026, based on the undisputed facts[1] and for the reasons stated in Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026), Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026), Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026), Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and Cirrus Rojas v. Olson, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026), it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Santos Martinez Barrera is GRANTED;

---

[1]    Unlike many of the cases before the court, petitioner has previously been charged in state court with driving under the influence, driving without a license, and disregarding a traffic lane.  He was later charged with simple assault and harassment. According to ICE's records, these charges remain pending.  The government does not argue that any pending charges or criminal history provide the legal basis for detention, and these facts are not being considered here.

(2)   Santos Martinez Barrera is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)   The Government shall RELEASE Santos Martinez Barrera from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on August 6, 2026;

(4)   Upon his release, the Government is required to return any personal property of Santos Martinez Barrera, including his identification documents, and any other belonging that he had on his possession when detained;

(5)   The Government is temporarily enjoined from re-detaining Santos Martinez Barrera for seven days following his release from custody;

(6)   If the Government chooses to pursue re-detention of Santos Martinez Barrera after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)   Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Santos Martinez Barrera from the Eastern District of

2

Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Santos Martinez Barrera is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Santos Martinez Barrera if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.


BY THE COURT:


/s/  Harvey Bartle III
                                                    J.